# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BMO HARRIS BANK N.A., a national banking association,<br><br>    Plaintiff,<br><br>v.<br><br>STEVEN HAFEN, an individual,<br><br>    Defendant. | Case No. _____ |

## COMPLAINT

COMES NOW Plaintiff, BMO Harris Bank N.A., and in support of its Complaint (the "Complaint"), states as follows:

## PARTIES

1. Plaintiff, BMO HARRIS BANK N.A. ("Plaintiff"), at all relevant times, was and is a national banking association with its main office in Chicago, Cook County, Illinois. At all times, Plaintiff was and is authorized to transact business in the State of Virginia.

2. Defendant Steven Hafen ("Defendant") is an individual domiciled within, and a citizen of, the State of Virginia and may be served with process at 181 Canterbury Lane, Bristol, Virginia 24201.

## JURISDICTION AND VENUE

3. The parties are of diverse citizenship.

4. The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

HB: 4882-9479-2022.2

6. In the agreements that form the subject matter of this Complaint, the parties agreed that any legal action or proceeding with respect to or relating to such agreements shall be brought exclusively in the federal or state courts located in Illinois.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

8. On or about December 7, 2020, non-party ANACK Transportation, Inc. ("Borrower") entered into a Loan and Security Agreement (the "First Agreement") with Plaintiff wherein Plaintiff financed Borrower's purchase of the equipment described therein (including any amendment or modifications thereto, the "First Agreement Collateral"), and Borrower agreed to repay the financed amount, including interest, pursuant to the terms and conditions stated therein. A true and correct copy of the First Agreement is attached hereto and incorporated herein as **Exhibit A**.

9. Plaintiff performed all of its obligations under the First Agreement and did, in fact, finance Borrower's purchase of the First Agreement Collateral. Borrower thereafter began making monthly payments to Plaintiff as required under the First Agreement.

10. On or about November 15, 2022, Borrower entered into a Loan and Security Agreement (including any amendment or modifications thereto, the "Second Agreement") with Plaintiff wherein Plaintiff financed Borrower's purchase of the equipment described therein (the "Second Agreement Collateral"), and Borrower agreed to repay the financed amount, including interest, pursuant to the terms and conditions stated therein. A true and correct copy of the Second Agreement is attached hereto and incorporated herein as **Exhibit B**.

11. Plaintiff performed all of its obligations under the Second Agreement and did, in fact, finance Borrower's purchase of the Second Agreement Collateral. Borrower thereafter began making monthly payments to Plaintiff as required under the Second Agreement.

12. From time to time herein, the First Agreement and Second Agreement are referred to collectively as the "Agreements."

13. From time to time herein, the First Agreement Collateral and Second Agreement Collateral are referred to collectively as the "Collateral."

14. Defendant guaranteed the full and timely performance of Borrower under all its past, present, and future obligations to Plaintiff and its affiliates, successors, and assigns (the "<u>Guaranty</u>"). A true and correct copy of the Continuing Guaranty dated November 15, 2022 in favor of Plaintiff and its affiliates, successors, and assigns evidencing the Guaranty is attached hereto and incorporated herein as **Exhibit C**.

15. Under the terms and conditions of the Agreements, failure to make a payment when due is considered an event of default. *See e.g.*, Exhibit A, at ¶ 5.1(a).

16. Under the terms and conditions of the Agreements, the filing of a petition in bankruptcy or for an arrangement, reorganization or similar relief, by or against the Borrower or a guarantor, is an event of default. *See e.g.*, Exhibit A, at ¶ 5.1(e).

### Default under the Agreements

17. Borrower is in default under the Agreements for its failure to pay the amounts due thereunder.

18. More specifically, Borrower failed to make a payment for the January 1, 2023 payment due under the Agreements. Borrower's defaults are continuing.

19. In addition, on February 17, 2023, Borrower filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of Tennessee (the "Bankruptcy Court"), initiating Case No. 23-50158 (the "Bankruptcy Case"). A true and correct copy of the Notice of Bankruptcy Filing is attached hereto as **Exhibit D**.

20. Defendant is in default under the Guaranty.

21. Defendant failed to make payments when they became due under the Agreements. Defendant's defaults under the Agreements and Guaranty are continuing.

22. As a result of Defendant's defaults under the Agreements and the Guaranty, effective February 17, 2023, Plaintiff elected to accelerate the balance due under the Agreements and declare the entire indebtedness owed pursuant to the Agreements immediately due and payable.

23. Calculated as of February 17, 2023, the amount due and owing under the Agreements, not including attorneys' fees and costs of collection, was an amount not less than $295,807.28. In addition, default interest, fees, and expenses continue to accrue as set forth in the Agreements.

24. The Guaranty expressly provides that Plaintiff and Defendant unconditionally waive their respective rights to a jury trial of any claim or cause of action relating thereto. *See* Exhibit C.

25. Plaintiff has performed any and all conditions and obligations required of it under the Agreements and the Guaranty.

HB: 4882-9479-2022.2

26. Plaintiff has retained the services of Husch Blackwell LLP to prosecute this action and has thereby incurred attorneys' fees and is entitled to recover attorneys' fees and costs pursuant to the Agreements. *See, e.g.*, Exhibit A, at ¶ 5.2(a).

## COUNT I
## BREACH OF CONTRACT

27. Plaintiff realleges and incorporates the allegations contained in the foregoing paragraphs as if restated fully herein.

28. Defendant executed and delivered to Plaintiff the written Guaranty evidencing Defendant's obligations.

29. Plaintiff relied on the Guaranty in financing Borrower's purchase of the Collateral.

30. Defendant guaranteed the payment and performance of Borrower under the Agreements, and the Guaranty is not merely a guaranty of collection.

31. Plaintiff made demand upon Defendant to perform his obligations under the Guaranty and the Agreement.

32. Despite demand, Defendant failed to perform his obligations under the under the Guaranty and the Agreement.

33. Defendant breached the Guaranty by his failure to make payments under the Agreements as they became due.

34. By breaching the Guaranty, Defendant has damaged Plaintiff.

35. The Guaranty provides that Defendant shall pay to Plaintiff all reasonable attorneys' fees and costs and expenses incurred in connection with any indebtedness Defendant fails to pay under the Agreements.

36. Plaintiff has incurred and continues to incur expenses in its efforts to collect this debt, including attorneys' fees and costs.

37. Defendant has waived his right to a jury trial.

WHEREFORE, Plaintiff prays that this Court enter a judgment in its favor and against Defendant in the amounts due under the Agreements and Guaranty, the exact amount to be proven at or before trial, together with such other and further relief as shall be just and equitable.

Dated: March 16, 2023.

Respectfully Submitted,

**BMO HARRIS BANK N.A.**

By: /s/ Aaron B. Chapin
    (one of its attorneys)

Aaron B. Chapin (ARDC 6292540)
Husch Blackwell LLP
120 South Riverside Plaza
Chicago, IL 60606
Phone: 312.655.1500
Fax 312.655.1501
aaron.chapin@huschblackwell.com